UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDDIE G. ANDERSON, JR.**          **CIVIL ACTION**

**VERSUS**                            **NO. 18-24-JWD-EWD**

**ANTONIO LITTLE, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Freddie G. Anderson, Jr. ("Plaintiff"), as a result of a motor vehicle accident that occurred on or about January 22, 2017.[1] On or about August 10, 2017, Plaintiff filed a Petition for Damages against Antonio Little, J.M. Garrison Trucking, Inc. and Occidental Fire & Casualty Company of North Carolina (collectively, "Defendants") in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[2] Defendants removed the matter to this Court on January 11, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> VI.
> Plaintiff, Freddie G. Anderson, Jr., alleges in his Petition that he is domiciled in the State of Louisiana. Therefore he is a citizen of Louisiana. Defendant, J. M. Garrison Trucking, Inc., is incorporated in the State of Alabama, with its principal place of business in Boaz, Alabama. Therefore, J. M. Garrison, Trucking, Inc. is a citizen of Alabama. Defendant, Occidental Fire & Casualty Company of North Carolina is incorporated in the State of North Carolina, with its principal place of business in Raleigh, North Carolina. Therefore, Occidental Fire & Casualty Company of North Carolina

---

[1] R. Doc. 1 at ¶ II.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at ¶ IX.

is a citizen of North Carolina. Defendant, Antonio Little, is a resident of the State of Alabama.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of the plaintiff, Freddie G. Anderson, Jr., and defendants, J.M. Garrison Trucking, Inc. and Occidental Fire & Casualty Company of North Carolina, has been properly alleged,[5] the citizenship of defendant Antonio Little has not been adequately alleged. Although the Notice of Removal alleges that Little "is a resident of the State of Alabama,"[6] the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Antonio Little, J.M. Garrison Trucking, Inc. and Occidental Fire & Casualty Company of North Carolina (collectively, "Defendants") shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has

---

[4] R. Doc. 1 at ¶ VI.
[5] With respect to Plaintiff, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to J.M. Garrison Trucking, Inc. and Occidental Fire & Casualty Company of North Carolina, which are alleged to be corporations, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[6] R. Doc. 1 at ¶ IV.

diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on January 16, 2018.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**